IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID NORDLUND,<br><br>              Plaintiff,<br><br>vs.<br><br>COLIN NEACE, BRANDON SCHAEFER, ANCHORAGE POLICE DEPARTMENT, MUNICIPALITY OF ANCHORAGE,<br><br>              Defendants. | Case No. 3:21-cv-000230 RRB<br><br>**ORDER<br>REGARDING<br>NOTICE OF DEATH** |

David Nordlund, a self-represented prisoner ("Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 on September 22, 2021.[1] On September 12, 2023, Counsel for Defendants filed a Notice of Apparent Death of David Nordlund.[2] The filing included a copy of the State of Alaska, Department of Public Safety, State Troopers Public Information Office daily dispatch regarding the death of a deceased male identified as David Nordlund age 43 of Talkeetna.[3]

---

[1] Docket 1-1. The Complaint was filed in Alaska Superior Court and removed to this Court by Defendants on October 14, 2021. Docket 1.
[2] Docket 41.
[3] *Id.* at 4.

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."[4]

However, there are formal requirements for the Notice of Death (or "Suggestion of Death")[5] to trigger the 90-day period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties *and* nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."[6] At a minimum, the suggestion of death must identify the decedent's successor or personal representative.[7]

While the public information indicates Plaintiff's next of kin has been notified of his death, Defendants filing at Docket 41 does not indicate that counsel has identified any nonparty representatives or successors or served notice to such parties under Rule 25.

**IT IS THEREFORE ORDERED:**

---

[4] Fed. R. Civ. P. 25(a)(1).
[5] *See, e.g.*, *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) ("statement noting the death" is often called the "suggestion of death.").
[6] *Id.* (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)).
[7] *Id.* at 867; *see also Bailey v. MacFarland*, 2020 WL 5763825, at *4 n.2 (E.D. Cal. Sept. 28, 2020).

1. Defendants must properly file and serve nonparty successors or representatives of the deceased with a suggestion of death **by October 27, 2023.**

2. The 90-day period provided by Rule 25(a)(1) will not be triggered until the appropriate successor or representative is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4.[8]

IT IS SO ORDERED this 18th day of September, 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[8] *Barlow v. Ground*, 39 F.3d 231, 233-234 (9th Cir. 1994).

*Nordlund v. Neace, et. al,*     Case No. 3:21-cv-00230
Order Regarding Notice of Death     Page 3
Case 3:21-cv-00230-RRB   Document 42   Filed 09/18/23   Page 3 of 3